1
2
3
4
5
6

**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

7

## UNITED STATES DISTRICT COURT

8

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17

| CASSANDRA FRIAS, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** |
| I.Q. DATA INTERNATIONAL, INC., | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

18

## <u>COMPLAINT</u>

19
20

NOW comes CASSANDRA FRIAS, ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant"), as follows:

21

### NATURE OF THE ACTION

22
23
24
25

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

26

### JURISDICTION AND VENUE

27
28

1

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern  District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of California.

PARTIES

4.  Plaintiff is a consumer over-the-age of 18 residing in San Joaquin County, California, which is within the Eastern District of California.

5.  Defendant boasts to be a "[p]rofessional Collection Agency, providing services to the apartment industry."[1] Defendant's principal place of business is located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects upon consumers located within the State of California.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

7.  The instant action arises out of the nature of Defendant's attempt to collect on a purported defaulted residential apartment lease ("subject debt") that Plaintiff allegedly owed to the Lake Meadows Apartments ("Lake").

8.  Around August 2020, Plaintiff began receiving calls to her cellular phone, (290) XXX-5439, from Defendant.

---

[1] https://www.iqdata-inc.com/about-us

9.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5439.   Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (209) 642-4437 and (707) 652-9916.

11.   Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

12.   Plaintiff explained to Defendant that she could not satisfy the subject debt in full because she lost her job during the COVID-19 pandemic.

13.   Plaintiff stated that she could potentially satisfy the subject debt if Defendant agreed to a payment plan.

14.   Rather than working with Plaintiff, Defendant completely disregarded Plaintiff's situation and consistently demanded that Plaintiff satisfy the subject debt in full.

15.   Furthermore, Defendant threatened to report the subject debt on Plaintiff's consumer reports and claimed that she would not be able to rent another apartment as long as Defendant continued to report the subject debt on her consumer reports.

16.   Defendant used such deceptive and threating communications in order to coerce Plaintiff into satisfying the subject debt.

17.   Frustrated by the treatment she was receiving from Defendant, Plaintiff demanded that the phone calls stop.

18.   In response, Defendant mocked and berated Plaintiff for how she manages her finances and for lacking the means to make a payment.

19.   Defendant willfully ignored Plaintiff's demand and continued placing phone calls to Plaintiff's cellular phone.

3

20.  Despite Plaintiff's request, Defendant has continued to regularly call Plaintiff's cellular phone up until the filing of this lawsuit.

21.  Plaintiff has received numerous phone calls from Defendant since asking it to stop calling.

22.  In addition to the harassing phone calls Plaintiff received, Defendant also saw fit to repeatedly contact members of Plaintiff's family members in connection with the subject debt, despite such family members having no connection to the subject debt.

23.  Frustrated and concerned over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

24.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, embarrassment, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

4

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA §§1692b

31.  The FDCPA, pursuant to 15 U.S.C. § 1692b(3), prohibits a debt collector from contacting a non-debtor "more than once unless requested to do so by such person."

32.  Defendant violated 15 U.S.C. §1692b(3) by contacting Plaintiff's family members on more than one occasion, despite the fact that Plaintiff's family members were not responsible for the subject debt.  Defendant employed these tactics in order to exert outward pressure upon Plaintiff.

### b.  Violations of FDCPA §1692c(a)(1) and §1692d

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff numerous times after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

35. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

36. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign

is highlighted by its unprofessional conduct of berating and mocking Plaintiff during its collection campaign. Any reasonable fact will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed and needlessly embarrassed Plaintiff when it attempted to collect upon the subject debt.

### c. Violations of FDCPA § 1692e

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

39. Additionally, Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop calling her, Defendant place numerous calls to Plaintiff's cellular phone without her consent. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to call her when it no longer had consent to do so.

40. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant implicitly represented that it could harass and oppress Plaintiff when it mocked and berated her. This type of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

### d. Violations of FDCPA § 1692f

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendant violated §1692f when it unfairly threatened Plaintiff. Defendant made these unfair threats in order to scare Plaintiff into making a payment on the subject debt when he could not afford to.

43. Furthermore, Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

44. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CASSANDRA FRIAS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

47. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

48. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a.   Violations of RFDCPA § 1788.10 – 1788.17

49. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

50.  As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692b, c, d, e, and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

51. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, CASSANDRA FRIAS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.   Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.   Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e.   Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f.   Award any other relief as the Honorable Court deems just and proper.


Dated: November 9, 2020                     Respectfully submitted,

                                            /s/Alejandro E. Figueroa
                                            Alejandro E. Figueroa, Esq.
                                            California Bar No. 332132
                                            *Counsel for Plaintiff*
                                            Sulaiman Law Group, Ltd
                                            2500 S Highland Ave, Suite 200
                                            Lombard, IL 60148
                                            Telephone: (630) 575-8181 Ext. 120
                                            alejandrof@sulaimanlaw.com